UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

ADVANCED CNC TECHNOLOGIES, INC.                    PLAINTIFFS

and

JBM WIRE GROUP CO., LTD.

VS.                    CASE NO. 10-2023

COMPOSITE CONCEPTS COMPANY                         DEFENDANT

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order have agreed to the terms of this Order. Accordingly, the Court enters the following protective order.

1. **Findings**: The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2. **Definitions**:

   a. "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

   b. "Confidential" information is information concerning a person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

817385_1                           4

c. "Highly Confidential" information is information within the scope of Rule 26(c)(1)(G) that is current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

d. Information is not Confidential or Highly Confidential if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Highly Confidential if a person lawfully obtained it independent of this litigation.

3. <u>Designation of information as Confidential or Highly Confidential</u>:

a. A person's designation of information as Confidential or Highly Confidential means that person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b. A person designates information in a document or thing as Confidential or Highly Confidential by clearly and prominently marking on its face "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL." A producer may make documents or things containing Confidential or Highly Confidential information available for inspection and copying without marking them as such without forfeiting a claim of confidentiality, so long as the producer causes copies of the documents or things to be marked as Confidential or Highly Confidential before providing them to the recipient. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as Confidential or Highly Confidential under this Order shall be marked

with the designation if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic data bases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of Confidential or Highly Confidential documents or otherwise disclose the substance of Confidential or Highly Confidential information contained in those documents.

    c.    A person designates information in a deposition testimony as Confidential or Highly Confidential by stating on the record at the deposition that the information is Confidential or Highly Confidential or by advising the opposing party and the stenographer and videographer in writing, within fourteen (14) days after receipt of the deposition transcript, that the information is Confidential or Highly Confidential. Such designation shall be specific as to portions of the transcript or any exhibit to be designated as Confidential or Highly Confidential.

    d.    A person's failure to designate a document, thing, or testimony as Confidential or Highly Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

    e.    A person who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all parties in the case.

    f.    If a party disputes a producer's designation of information as Confidential or Highly Confidential, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing that the designation be modified or withdrawn for such materials. Within fourteen (14) days, the producer shall respond in writing, either: (1) accepting the objector's proposal; (2) setting forth in reasonable detail the reasons why the producer believes the information is entitled

to the designated status; or (3) modifying the designation and setting forth in reasonable detail the reasons why the producer believes the information is entitled to the modified designation. If not satisfied, the party disputing the designation may move the Court for an order withdrawing or modifying the designation. The producer bears the burden of proving that the information is properly designated as Confidential or Highly Confidential. The information shall remain subject to the producer's Confidential or Highly Confidential designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

4. <u>Use and disclosure of Confidential and Highly Confidential information</u>:

a. Confidential and Highly Confidential information may be used exclusively for purposes of this litigation, subject to the restrictions of this Order.

b. Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside counsel, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel; (iii) a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(d) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; and (vi) the Court and personnel assisting the Court.

c. Absent written permission from the producer or further order by the Court, the recipient may not disclose Highly Confidential information to any person other than those identified in paragraph 4(b)(i), (iv), (v), and (vi).

817385_1 7

d. A party may not disclose Confidential or Highly Confidential information to an expert or consultant pursuant to paragraph 4(b) or 4(c) of this Order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order. Counsel shall maintain the originals or copies of the forms signed by the expert or consultant for a period of one (1) year after final disposition of this litigation, whether by settlement, dismissal or entry of final judgment not subject to further appeal ("Final Disposition").

e. Notwithstanding paragraph 4(a) and (b), a party may disclose Confidential or Highly Confidential information to: (i) an employee or author of the producer; (ii) any person no longer affiliated with the producer who authored the information in whole or in part; and (iii) any person who received the information before the case was filed.

f. A party who wishes to disclose Confidential or Highly Confidential information to a person not authorized under paragraph 4(b) or 4(c) must first make a reasonable attempt to obtain the producer's permission. If a party is unable to obtain permission, it may move the Court to obtain permission.

5. <u>Inadvertent Disclosure:</u> Inadvertent disclosures of material protected by the attorney-client privilege or work product doctrine shall be handled in accordance with Federal Rule of Evidence 502.

6. <u>Filing under seal:</u> Any pleading, motion, or other document that is filed with the Court containing Confidential or Highly Confidential information shall be filed under seal in compliance with any court rule and with the designations required by this Stipulated Protective Order. Any document filed under seal must be placed in an envelope which states on the outside: (i) the caption of the case, including the case number; and (ii) in prominent type, the words "FILED UNDER SEAL PURSUANT TO STIPULATED PROTECTIVE ORDER

ENTERED ON [date]. This paragraph shall not be construed to limit or prohibit the right of a party or any other person having the requisite standing to challenge a designation.

7. <u>Use of Confidential or Highly Confidential information at trial or in court proceedings</u>: If a party intends to present at trial or in other court proceedings Confidential or Highly Confidential information produced by another party, such party shall provide advanced notice to the producer at least five (5) days before the commencement of the trial or court proceedings by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition lines, etc.) without divulging the actual Confidential or Highly Confidential information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information.

8. <u>Document disposal by the parties</u>: After Final Disposition, and within thirty (30) days of a request by a producer, a recipient, at its election, must either return to the producer all documents and copies of documents containing the producer's Confidential or Highly Confidential information to the producer, or destroy all documents and copies of documents containing the producer's Confidential or Highly Confidential information, unless the document has been offered into evidence or filed without restriction as to disclosure. The party returning and/or destroying the producer's Confidential information or Highly Confidential information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to Confidential or Highly Confidential information, so long as the work product does not duplicate verbatim substantial portions of the text or images of Confidential or Highly Confidential information. This work product shall continue to be Confidential (or Highly Confidential) information under this Order.

An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose Confidential or Highly Confidential information.

9. <u>Return of documents filed under seal</u>: After Final Disposition, the Clerk may elect to return to counsel for the producer, or after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

10. <u>Survival of obligations</u>: This Order's obligations regarding Confidential or Highly Confidential information survive Final Disposition.

IT IS SO ORDERED.

Dated: 9-15-2011

_____
Honorable Paul K. Holmes, III
United States District Judge

WE STIPULATE AND AGREE TO ABIDE BY THE TERMS OF THIS ORDER.

_____
Attorney for Plaintiff/Counterclaim Defendant
Advanced CNC Technologies, Inc.

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUL 1 5 2011

CHRIS R. JOHNSON, Clerk
By
           Deputy Clerk

_____
Attorney for Plaintiff/Counterclaim Defendant
JBM Wire Group, Co., LTD.

_____
Attorney for Defendant/Counterclaimant
Composite Concepts Company

An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose Confidential or Highly Confidential information.

9. <u>Return of documents filed under seal</u>: After Final Disposition, the Clerk may elect to return to counsel for the producer, or after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

10. <u>Survival of obligations</u>: This Order's obligations regarding Confidential or Highly Confidential information survive Final Disposition.

IT IS SO ORDERED.

Dated: _____          _____
                                        Honorable Paul K. Holmes, III
                                        United States District Judge

WE STIPULATE AND AGREE TO ABIDE BY THE TERMS OF THIS ORDER.

_____
Attorney for Plaintiff/Counterclaim Defendant
Advanced CNC Technologies, Inc.

_____
Attorney for Plaintiff/Counterclaim Defendant
JBM Wire Group, Co., LTD.

_____
Attorney for Defendant/Counterclaimant
Composite Concepts Company